UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00175-MR

| AUSTIN REID PITTMAN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| FNU MOSS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.     BACKGROUND**

Pro se Plaintiff Austin Reid Pittman ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Granville Correctional Institution in Butner, North Carolina. On November 28, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Moss, identified as a Lieutenant at Alexander Correctional Institution ("Alexander"); and Defendants FNU Kinder and FNU Lay, both identified as Correctional Officers at Alexander; in their individual capacities only. [Doc. 1]. Plaintiff alleges as follows.

On July 19, 2022, at approximately 5 p.m., Plaintiff was placed in full restraints and in a wheelchair to be escorted back to his housing unit at Alexander. Plaintiff was pushed backwards out of the wheelchair and Sergeant Clawson positioned himself over the Plaintiff and began punching Plaintiff several times in the face.[1] Defendants Moss, Kinder, and Lay were present when this occurred, had opportunity to intervene to stop Clawson's use of excessive force, and failed to intervene. [Doc. 1 at 3-4].

For injuries, Plaintiff claims he suffered a broken eye socket. [Id. at 4]. For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief

---

[1] Plaintiff has filed a separate action against Sergeant Clawson related to these events. See Case. No. 5:22-cv-00156-MR. It passed initial review on November 29, 2022. [Id., Doc. 8].

may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

"Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST.

3

amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer, 511 U.S. at 833. Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard and objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff's Eighth Amendment claim against Defendants Moss, Kinder, and Lay in their individual capacities based on the failure to protect Plaintiff from harm is not clearly frivolous.

## IV. CONCLUSION

In sum, Plaintiff's Eighth Amendment claim against Defendants Moss, Kinder, and Lay survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment claim against Defendants Moss, Kinder, and Lay in their individual capacities passes initial review.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Moss, Kinder, and Lay, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: January 13, 2023

Martin Reidinger
Chief United States District Judge